EDWARD D. BOYACK
Nevada Bar No. 005229
7432 W. Sahara Ave, Ste 101
Las Vegas, Nevada 89117

TRAVIS R. MARKER
Utah Bar No. 09955
Marker Law Mediation
333 2nd Street, Suite 16
Ogden, Utah 84404
385-626-1940
markerlawmediation@gmai.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NEIL PIKYAVIT, individually and as the Father of DELOREAN PIKYAVIT, and as Representative of the Estate of DELOREAN PIKYAVIT, DECEASED; JULIA and CARL PETERSON, on BEHALF OF MINORS, A.P and K.P., <br><br> Plaintiffs, <br> vs. <br><br> THE CITY OF SALT LAKE CITY, UTAH, a government entity; THE SALT LAKE CITY POLICE DEPARTMENT, a government entity; UNKNOWN POLICE OFFICER, a government agent; DOE INDIVIDUALS 1 – 10, unknown individuals; and ROE CORPORATIONS I – X, unknown corporations, <br><br> Defendants. | **CIVIL ACTION NO.: 2:19-cv-00262 PMW** <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW BEFORE THIS HONORABLE COURT comes NEIL PIKYAVIT, individually and as the

father of his son, DELOREAN PIKYAVIT, DECEASED, as Representative of the estate of

DELOREAN PIKYAVIT, DECEASED; and JULIA and CARL PETERSON, on BEHALF OF

MINORS, A.P. and K.P., the children of DELOREAN PIKYAVIT, DECEASED (collectively and hereinafter, "Plaintiffs"), complaining of THE CITY OF SALT LAKE CITY, UTAH ("SLC"), a government entity; THE SALT LAKE CITY POLICE DEPARTMENT ("SLCPD"), a government entity under the control and supervision of SLC; UNKNOWN POLICE OFFICER ("UNK"), a government employee acting on behalf of both SLC and SLCPD as their agent and servant; DOE INDIVIDUALS 1 – 10, unknown individuals; and ROE CORPORATIONS I – X, unknown corporations (collectively and hereinafter, "Defendants"), and for cause would show this Honorable Court as follows:

**I.**

**NATURE OF THE ACTION**

1.     This is an action brought by Plaintiffs against the Defendants for the use of excessive and deadly force resulting in the unlawful shooting death of Delorean Pikyavit ("Delorean") under the color of law in violation of his individual rights under the Fourth Amendment of the United States Constitution, and in violation of Delorean's rights pursuant to 42 U.S.C. § 1983.

2.     Plaintiffs allege that Defendants SLC and SLCPD are governed by the decisions, protocol, standards, regulations, guidelines, and other such directives of their policy makers, specifically the City Council of Salt Lake City, Mayor Jacki Bikupski, and SLCPD Chief of Police Mike Brown (collectively, "Policymakers").

3.     The Defendants SLC and SLCPD failed to ensure proper training, supervision, screening, discipline, transfer, counsel, and/or otherwise control law enforcement officers who are known, or who should have been known, to engage in the use of excessive and/or deadly force, including those officers repeatedly accused of such acts.

3.     Defendants SLC and SLCPD had a duty, but failed to implement and/or enforce policies, practices and procedures for the SLCPD that ensured the constitutional rights to assistance and protection for citizens such as Delorean.

4.     Defendants SLC's and SLCPD's failure to adequately train, supervise, and discipline Defendant UNK, failure to implement the necessary policies, and the implementation of policies

and procedures that encouraged or otherwise excused the unconstitutional actions of Defendant UNK, caused Delorean's unwarranted and excruciating physical and mental anguish and death.

5.      Defendant UNK consciously disregarded the rights of Plaintiffs and of Delorean, knowing that the Defendants SLC and SLCPD, by and through the Policymakers, would approve of, ratify, and/or excuse his actions.

6.      For these civil rights violations and other causes of action discussed herein, Plaintiffs seek compensation for damages for the wrongful death of Delorean.

## II.

### PARTIES

7.      Plaintiff NEIL PIKYAVIT is an adult, and a resident of Kanosh, located in Millard County, Utah. Neil sues on behalf of himself, and as the personal representative of the Estate of Delorean Pikyavit, deceased, Neil's son.

8.      Plaintiffs JULIA and CARL PETERSON are adults, and residents of Fillmore, in Millard County, Utah. Julia and Carl are the guardians for the minors A.P. and K.P., Delorean's surviving children.

9.      Defendant SLC is a municipality located in Salt Lake County, Utah. Defendant SLC operated the Salt Lake City Police Department. Defendant SLC funds and operates the Salt Lake City Police Department which, along with the Policymakers, are responsible for the implementation of the police department's budget, policies, procedures, practices, and customs, as well as the acts and omissions alleged in this action.

10.      Defendant SLCPD is responsible for law enforcement activities in and around the Salt Lake City area, to include preventive, investigative, and enforcement-type police work and other law enforcement obligations and duties for the benefit of all citizens of Salt Lake City.

11.      Defendant UNK is an unknown police officer working for, and as an agent of and on behalf of, Defendants SLC and SLCPD.

12. DOES 1 – 10 are unknown individuals at this time whose involvement or culpability in these matters may later be determined or otherwise discovered during the course of this litigation.

13. ROE CORPORATIONS I – X are unknown entities, the identities of which are presently unknown but may later be determined or otherwise discovered during the course of this litigation.

## III.

### JURISDICTION AND VENUE

14. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, *inter alia*, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges, and immunities guaranteed to decedent Delorean, by constitutional and statutory provisions.

15. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent and contemporaneous claims arising under the laws of the State of Utah.

16. Venue is proper in this Court because the causes of action within the State of Utah, in the city of Salt Lake City, in Salt Lake County.

### IV.

### FACTS

17. On April 18, 2018, at approximately 12:15 p.m., law enforcement dispatchers received a call of a possible domestic disturbance at a home near 1100 East and Princeton Avenue, in the Sugar House suburb of Salt Lake City.

18. Law enforcement was advised of allegedly mutual affray between Delorean and his girlfriend.

19. Upon responding, law enforcement officers encountered Delorean standing on the sidewalk near the home, and Delorean's girlfriend at a neighbor's residence.

20.     Delorean retreated into the home alone and refused to exit.

21.     For approximately one hour, police attempted to negotiate with Delorean to surrender peacefully.

22.     At some point, police became aware of Delorean's status as a parolee, and that Delorean had a warrant for his arrest following his withdrawal from a halfway house the approximately three weeks prior.

23.     Police believed that Delorean was intoxicated, or suffering a mental health crisis. A negotiator was summoned to the scene to attempt a resolution with Delorean, and to convince him to surrender.

24.     SWAT officers from the Salt Lake City Police Department arrived and surrounded the home.

25.     At some point, police on the scene believed that they smelled natural gas emanating from the home where Delorean was secured.

26.     After approximately one hour, fifteen minutes, Delorean exited the home and stood on the porch. Police observed what appeared to be scissors and a kitchen knife in his hands.

27.     SWAT officers approached Delorean with weapons trained on him.

28.     SWAT officers shouted multiple, inconsistent commands to Delorean. Many of the commands were difficult to distinguish from the overall noise and confusion.

29.     At one point, one law enforcement official on-scene was heard telling the SWAT officers to, "let the negotiator talk."

30.     Delorean discarded the knife onto the lawn in compliance with the officers' commands.

31.     Approximately one-and-a-half minutes after exiting the home and standing on the porch, Delorean is shot by two officers.

32.     Delorean was shot once with an assault-style weapon by Defendant UNK, and once with a non-lethal weapon by another officer in an effort to incapacitate him.

33.     Delorean sustained mortal injuries from the lethal weapon fired into him, and succumbed to his wound.

34. Following the killing of Delorean, law enforcement body camera footage of the incident from Defendant UNK's person/perspective was released to the public. The events described above occurred in the roughly 90 seconds of body cam footage provided.

35. As indicated by the on-scene officer telling SWAT officers to, "let the negotiator talk," Defendant UNK's actions were unreasonable, excessive, and in contradiction of Delorean's civil rights.

36. At the time Defendant UNK discharged a lethal firearm into Delorean, Delorean had shown substantial steps in complying with the officers' commands, such as exiting the home and discarding the knife he was carrying.

37. Defendant UNK's unlawful and unwarranted acts, lack of training, and the official customs or policies of the Salt Lake City Police Department caused Delorean's wrongful death, and the injuries and violations suffered by the Plaintiffs.

38. At all times material hereto, Defendant UNK was acting under the color of law when he shot and killed Delorean.

39. No reasonably competent official could conclude that the actions of Defendant UNK and Defendant SLCPD described herein would not violate Delorean's or Plaintiffs' constitutional rights.

40. There is no evidence that Defendant UNK or anyone else were in danger of imminent death or great bodily harm at the time Delorean was shot and killed.

41. Delorean posed no risk to Defendant UNK or any other person in the immediate area.

42. Delorean was thirty-two (32) years old at the time he was killed by Defendant UNK.

43. Delorean was in good health and had a reasonable life expectancy at the time he was killed.

**V.**

**ALLEGATIONS**

**Count 1 – Excessive Force by Defendant UNK (individually and in official capacity) under 42 U.S.C. § 1983**

44.     Plaintiffs incorporate by reference the foregoing paragraphs 1 through 43 as if fully set forth herein.

45.     Defendant UNK's actions on the occasion in question were wrongful, malicious, and reckless, and deprived Delorean of his constitutional rights.

46.     At all times material hereto, Defendant UNK had a duty to avoid infliction of unjustified bodily injury on Delorean, and to protect Delorean's health and life.

47.     Defendant UNK failed to act as a reasonable officer would have acted in the same or similar circumstances when he exercised lethal force on Delorean, resulting in Delorean's death.

48.     Defendant UNK denied Delorean his constitutional right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

49.     The forced used by Defendant UNK was unnecessary, excessive, and unreasonable under the circumstances, as Delorean did not pose an immediate threat to the safety of Defendant UNK or others.

50.     Defendant UNK's actions were willful, malicious, reckless, and outrageous, and were intended to cause, and in fact did cause, Delorean to suffer extreme and severa mental, emotion, and physical distress, agony, and anxiety.

51.     As a result of these constitutional violations to Delorean and the injuries he sustained, Plaintiffs seek compensation as set forth more fully and specifically herein, below.


**Count 2 – Failure to train by Defendants SLC and SLCPD under 42 U.S.C. § 1983**


52.     Plaintiffs incorporate by reference the foregoing paragraphs 1 through 51 as if fully set forth herein.

53.     Defendants SLC and SLCPD are responsible for the employment, training, supervision, and discipline for law enforcement officers in the Salt Lake City area.

54.    Defendant UNK was an employee of Defendants SLC and SLCPD at all times during the events described herein, to include at the time of Delorean's death.

55.    At the time of Delorean's death, Defendants SLC and SLCPD knew or should have known that Defendant UNK was improperly trained in the proper handling and management of citizens suffering from a mental health crisis.

56.    Defendant UNK and other officers at the scene of the shooting were acting under color of law, and pursuant to the customs, practices, polices, and training of Defendants SLC and SLCPD in the use of deadly force.

57.    Defendants SLC and SLCPD, through their Policymakers, failed to provide proper training, adequate supervision, and/or discipline in dealing with situations such as the incident at issue in this matter, and for which Delorean ultimately lost his life.

58.    The failure of Defendants SLC and SLCPD to provide adequate training to its officers on how to deal with individuals such as Delorean and the subsequent use of deadly force reflects a deliberate indifference by the Policymakers, and reckless, conscious disregard for the obvious risk that officers would use excessive or deadly force on citizens.

59.    The failure of Defendants SLC and SLCPD to provide adequate training to its officers on how to deal with individuals such as Delorean and the subsequent use of deadly force made Delorean's death a reasonable probability.

60.    Defendant UNK's actions were the result of, or otherwise within the scope of, wrongful, reckless, and inadequate customs, policies, practices, and/or procedures promulgated by Defendants SLC and SLCPD.

61.    Defendants SLC and SLCPD, through failure to promulgate appropriate policies, procedures, and training, have created an atmosphere and a culture within law enforcement in the Salt Lake City area wherein deadly force is improperly used, and later ratified.

62.    Through proper policies, procedures, and training, Defendants SLC and SLCPD could have ensured that Delorean was not killed by Defendant UNK at the time of the incident described herein.

63.     The failure of Defendants SLC and SLCPD to train Defendant UNK properly in the use of deadly force was the proximate cause of Delorean's death, and the violation of Delorean's constitutional rights.

64.     As a result of the failure to train, supervise, and discipline their agents and employees properly, Plaintiffs seek compensation as set forth more fully and specifically herein, below.

**Count 3 – Negligence as to all Defendants**

65.     Plaintiffs incorporate by reference the foregoing paragraphs 1 through 64 as if fully set forth herein.

66.     At all times relevant and material hereto, Defendants had a duty to ensure the safety and well-being of all citizens within their jurisdiction – including Delorean.

67.     At all times relevant and material hereto, Defendants had a duty to ensure the observation and respect of the civil rights, as set forth in the United States Constitution, of all citizens within their jurisdiction – including Delorean.

68.     Defendant UNK breached his duties to Delorean when he improperly exercised deadly force upon the person of Delorean.

69.     Defendants SLC and SLCPD breached their duties to Delorean when they failed to train, supervise, and discipline Defendant UNK as an employee and agent of the government.

70.     Defendant UNK's improper decision to exercise deadly force was the legal cause of Delorean's wrongful death.

71.     Defendants SLC and SLCPD's breach of duty was the proximate cause of Delorean's wrongful death.

72.     As a result of the Defendants' breach of duty, Plaintiffs seek compensation as set forth more fully and specifically herein, below.

**Count 4 – Battery by Defendant UNK**

73.     Plaintiffs incorporate by reference the foregoing paragraphs 1 through 72 as if fully set forth herein.

74.     Defendant UNK inflicted a harmful or offensive contact upon the person of Delorean, to wit: the use of deadly force on Delorean.

75.     Defendant UNK's harmful or offensive contact upon the person of Delorean was intentional, or the intended result of Defendant UNK's volitional conduct, to wit: the use of deadly force on Delorean.

76.     Defendant UNK's harm or offensive contact was not justified, was wrongful, and was an excessive use of force.

77.     As a result of Defendant UNK's harmful or offensive contact upon the person of Delorean, the Plaintiffs seek compensation as set forth more fully and specifically herein, below.

**Count 5 – Intentional Infliction of Emotional Distress by all Defendants**

78.     Plaintiffs incorporate by reference the foregoing paragraphs 1 through 77 as if fully set forth herein.

79.     Defendants SLC and SLCPD failed to train, supervise, and discipline their employees and agents in the proper use of deadly force.

80.     Defendant UNK used improper, unlawful, and excessive force upon Delorean when Defendant UNK exercised deadly force.

81.     At all times relevant and material hereto, Defendants' actions were deliberate and intentional, or were otherwise the product of reckless indifference and willful disregard.

82.     The Defendants' conduct was excessive beyond the bounds tolerated by decent society, or was otherwise excessive of public esteem, custom, and acceptability.

83.     The Defendants' conduct was intended to cause, or was recklessly and in willful disregard of the reasonable probability of causing, severe emotional and mental distress.

84.     As a result of the Defendants' conduct, Delorean suffered extreme, excessive, and intolerable mental and emotional distress, anguish, and anxiety in the moments immediately before, and including, his fatal injury.

85.     As a result of the Defendants' conduct, the Plaintiffs seek compensation as set forth more fully and specifically herein, below.

### Count 6 – Negligent Infliction of Emotional Distress against all Defendants

86.     Plaintiffs incorporate by reference the foregoing paragraphs 1 through 85 as if fully set forth herein.

87.     As a result of the Defendants' negligent conduct, as set forth herein the Plaintiffs have suffered severe mental and emotional strain, anguish, and anxiety stemming from the loss of companionship of Delorean.

88.     As a result of the Defendants' conduct, the Plaintiffs seek compensation as set forth more fully and specifically herein, below.

### Count 7 – Wrongful Death against all Defendants

89.     Plaintiffs incorporate by reference the foregoing paragraphs 1 through 88 as if fully set forth herein.

90.     By reason of Defendants UNK's wrongful conduct of killing Delorean without the threat of imminent death or serious bodily harm, the Defendants are liable for damages.

91.     Defendant UNK's conduct that caused Delorean's death resulted in the following damages to Plaintiffs: loss of a family relationship, love, support, services, emotional pain and suffering, and for their acts and infliction of emotional distress caused by the wrongful killing of Delorean.

92.     Plaintiffs seek compensation as set forth more fully and specifically herein, below.

## VI.

## **PUNITIVE / EXEMPLARY DAMAGES**

93.      Plaintiffs incorporate by reference the foregoing paragraphs 1 through 92 as if fully set forth herein.

94.      The conduct of Defendant UNK was done with malice.

95.      The failures of Defendants SLC and SLCPD set forth herein to properly train, supervise, discipline, and promulgate appropriate policies and procedures evidence a culture of deliberate, conscious indifference to citizens, and to citizens' safety when encountering law enforcements.

96.      The Defendants SLC and SLCPD, by and through their employees and agents such as Defendant UNK, have allowed the improper and excessive use of force, to include deadly force, in interactions with citizens such as Delorean.

97.      The acts and omissions set forth and alleged herein are more than momentary lapses in judgment, thoughtlessness, or mere accident, and go beyond negligence; they are evidence of a more pervasive, overarching, and systematic deprivation of citizens' civil and constitutional rights that plagues the law enforcement and oversight bodies of Salt Lake City.

98.      As such, Plaintiffs request punitive and exemplary damages be awarded against the Defendants in an amount that is within the jurisdictional limits of this court.

## VII.

## **SURVIVAL ACTION**

99.      Plaintiffs incorporate by reference the foregoing paragraphs 1 through 98 as if fully set forth herein.

100.     Plaintiff NEIL PIKYAVIT is the Representative for the estate of Delorean.

101.     Delorean died as a result of the Defendants' wrongful conduct.

102.     Delorean would have been entitled to bring this action against the Defendants if he had lived.

103.     The decedent's right of action for the wrongful conduct against the Defendants survive in favor of heirs, legal representatives, and the estate of the deceased.

104.    The Defendants are liable to Plaintiff NEIL PIKYAVIT for the loss of his son's life, pain and suffering, and the violation of his civil rights.

105.    Plaintiffs JULIA and CARL PETERSON are the representatives of Delorean's surviving children, A.P. and K.P.

106.    The Defendants are liable to Plaintiffs Julia and Carl Peterson, on behalf of Delorean's surviving children, for the loss of their father's life, pain and suffering, and the violation of his civil rights.

107.    The Plaintiffs seek compensation as set forth more fully and specifically herein, below.

**VIII.**

**DAMAGES**

108.    Plaintiffs incorporate by reference the foregoing paragraphs 1 through 107 as if fully set forth herein.

109.    Defendants' acts and/or omissions were a proximate cause of the following Injuries suffered by Plaintiffs and decedent:

    a.    Actual damages;

    b.    Loss of affection, consortium, comfort, financial assistance, protection, affection and care;

    c.    Pain and suffering and mental anguish suffered by Delorean prior to his death;

    d.    Mental anguish and emotional distress suffered by Plaintiffs;

    e.    Loss of quality of life;

    f.    Funeral and burial expenses;

    g.    Loss of service;

    h.    Loss of future earnings and contributions to Plaintiffs;

    i.    Exemplary and punitive damages as well as costs of court;

    j.    Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiffs should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

      k.     Prejudgment interest; and

      l.     Post judgment interest.

110.   Plaintiffs seek unliquidated damages in an amount that is within the jurisdictional limits of the court, and in amount(s) to be proven and determined at trial.

## IX.

## <u>COSTS AND ATTORNEY FEES</u>

111.   Plaintiffs incorporate by reference the foregoing paragraphs 1 through 110 as if fully set forth herein.

112.   Plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b).

113.   As such, Plaintiffs request the Court to award costs and attorney fees incurred in Plaintiffs' prosecution of this litigation.

## X.

## <u>JOINT AND SEVERAL LIABILITY</u>

114.   Plaintiffs incorporate by reference the foregoing paragraphs 1 through 113 as if fully set forth herein.

115.   The Defendants are jointly and severally liable for their own and for each others' negligent acts and/or omissions, which were the proximate cause of Plaintiffs' injuries.

116.   Plaintiffs reserve their rights to plead and prove the damages to which they are entitled to at the time of trial.

117.   All conditions to Plaintiffs' recovery have been performed or have occurred.

## XI.

## <u>TRIAL BY JURY</u>

118.   Plaintiffs have paid a jury fee and demand trial by jury.

## XII.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be summoned to appear and to answer this matter, and the foregoing allegations herein; that upon final trial hereof

Plaintiffs have and recover judgment from the Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiffs are justly entitled.

DATED this 17th day of April, 2019

**BOYACK ORME & ANTHONY**

/s/ Edward D. Boyack
EDWARD D. BOYACK
Attorney for Plaintiff

DATED this 17th day of April, 2019

**MARKER LAW MEDIATION**

/s/ Travis R. Marker
TRAVIS R. MARKER
Attorney for Plaintiff