

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NEIL PIKYAVIT, individually and as the father of DELOREAN PIKYAVIT, and as Representative of the Estate of DELOREAN PIKYAVIT, Deceased; JULIA PETERSON and CARL PETERSON, on behalf of minors, A.P. and K.P., <br><br>Plaintiffs, <br><br>v. <br><br>SALT LAKE CITY and SALT LAKE CITY POLICE DEPARTMENT, <br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE** <br><br>Case No. 2:19-CV-262-HCN-DAO <br><br>Howard C. Nielson, Jr. <br>United States District Judge |

On April 17, 2019, Plaintiffs Neil Pikyavit, Julia Peterson, and Carl Peterson initiated this section 1983 action asserting Fourth Amendment violations arising out of the fatal police shooting of Delorean Pikyavit, as well as various state-law tort claims. *See* Dkt. No. 2. Neal Pikyavit, Delorean Pikyavit's father, sued on his own behalf and as representative of his son's estate. *See id.* 3 ¶ 7. The Petersons sued as guardians of Delorean Pikyavit's surviving minor children. *See id.* at 3 ¶ 8.

On June 20, 2019, the court stayed this action pending resolution of a criminal investigation into Delorean Pikyavit's fatal shooting. *See* Dkt. No. 16. The court extended the stay twelve times on the same ground. *See* Dkt. No. 18, 20, 22, 24, 27, 31, 33, 35, 38, 43, 45, 47. The last stay expired on August 28, 2022, after the Salt Lake County District Attorney's Office announced that it would not file criminal charges relating to the shooting. *See* Dkt. No. 48 at 2

¶ 4. On October 19, 2022, the Petersons voluntarily dismissed their claims and Plaintiffs' counsel moved for leave to withdraw. *See* Dkt. Nos. 52–53.

Magistrate Judge Oberg granted the motion for leave to withdraw on November 10, 2022, and stayed the action for twenty-one days, directing that "Mr. Pikyavit, or new counsel for Mr. Pikyavit, must file a Notice of Appearance within twenty-one (21) days after the entry of this order." Dkt. No. 58 at 2. The court warned that "[a] party who fails to file a Notice of Substitution of Counsel or Notice of Appearance as set forth above may be subject to sanction pursuant to Rule 16(f)(1) of the Federal Rules of Civil Procedure, including but not limited to dismissal of the case or default judgment." *Id.* Neither Mr. Pikyavit nor new counsel filed a timely notice of appearance and, on the date the stay expired, Defendants filed a motion to dismiss. *See* Dkt. No. 60.

On December 22, 2022, the court ordered Mr. Pikyavit to "show cause why this case should not be dismissed for failure to prosecute" and to "file a written notice no later than January 6, 2023, informing the court as to the status of the case and his intentions to proceed." Dkt. No. 62 at 1–2. The court warned that "[f]ailure to do so may result in dismissal of the case." *Id.* at 2. Although more than a month has passed since the deadline for doing so, Mr. Pikyavit has failed to show cause, file a written notice, or otherwise respond to the court's order. He has likewise failed to file any response to Defendants' motion to dismiss. Indeed, Mr. Pikyavit has not communicated with the court at all since his previous attorney stipulated to a motion for an extension of time filed on October 31, 2022—more than three months ago. *See* Dkt. No. 56.

Under Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the

2

defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and, "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

Plaintiff has disregarded the order to file a notice of appearance, as well as the order to show cause why this action should not be dismissed for failure to prosecute. He has also failed to

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although, in the interests of justice, the court is dismissing the action without prejudice, the court believes the *Ehrenhaus* factors would support dismissal with prejudice given that (a) Mr. Pikyavit has failed to file a Notice of Appearance as ordered by the court, (b) Mr. Pikyavit has failed to respond to the court's show-cause order, (c) Mr. Pikyavit has failed to respond to Defendants' motion to dismiss, and (d) the court has twice warned Mr. Pikyavit that it may dismiss the action for failure to comply with its orders.

respond to Defendants' motion to dismiss. And he has done so despite being explicitly warned twice that failure to comply with the court's orders may result in dismissal of this action.

In light of all of this, the court finds that Plaintiff has failed to (1) prosecute this action; (2) comply with this court's orders; and (3) show good cause why this action should not be dismissed. The court accordingly dismisses Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice. In light of this order, the court denies Defendants' motion to dismiss as moot.

IT IS SO ORDERED.

DATED this 14th day of February 2023.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge